UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :
DANYL BURGER,                                 :
                                              :
                        Plaintiff,            :
                                              :      05 Civ. 10458 (GEL)
            v.                                :
                                              :      **OPINION AND ORDER**
THE CITY OF NEW YORK, BRIDGET                 :
BRENNAN, LAWRENCE G. LEE, BRIAN               :
DOBBINS, and ELIJAH BROOKS,                   :
                                              :
                        Defendants.           :
                                              :
------------------------------------------------------------x

Danyl Burger, pro se.

Michael A. Cardozo, Corporation Counsel
of the City of New York, Elizabeth M.
Daitz, Assistant Corporation Counsel,
for defendants City of New York, Bridget
Brennan, Lawrence G. Lee, Brian Dobbins.

GERARD E. LYNCH, District Judge:

  Pro se plaintiff Danyl Burger filed a complaint on December 13, 2005, against a police officer, Elijah Brooks, three prosecutors, Bridget Brennan, Lawrence G. Lee, and Brian Dobbins, and the City of New York. On May 31, 2006, defendants Brennan, Lee, Dobbins, and the City of New York ("defendants") moved to dismiss for failure to state a claim. The motion will be granted.

  Plaintiff's complaint asserts that defendant Brooks falsely arrested him on a drug charge on October 1, 2004, "wrote a false affidavit" in support of the charge, and "lied under oath." (Compl. ¶ II.D.) According to the complaint, plaintiff was indicted on the charge, but the indictment was dismissed on November 4, 2005. The only reference to the three prosecutors is

that they "assisted in this false imprisonment by making [plaintiff] suffer through prolonged imprisonment," thereby causing plaintiff's alleged mental, emotional, and physical injuries. (Id. ¶¶ II.D, V.) Plaintiff does not make any allegations specifically against the City.

As to the moving defendants, the complaint fails to state a claim for relief. "[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 486 (1991), quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). Neither plaintiff's complaint nor his affirmation in opposition to the motion to dismiss alleges any actions on the part of the prosecutors beyond their prosecution of the case against him.[1]

Assuming, arguendo, that the complaint states a case against defendant Brooks for false arrest in violation of plaintiff's Fourth Amendment rights, a municipality may not be held liable solely on the basis of respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." Id. As plaintiff has failed to allege, either in his complaint or affirmation, hat any action taken by Brooks (or, for that matter, by the prosecutors) was in furtherance of any official custom or policy, he has failed to state a claim on which relief can be granted against the City.

---

[1] To the contrary, plaintiff's affirmation reasserts the claim that Brooks "file[d] a false or misleading arrest report" (Aff. ¶ 5), and "presented false testimony to the grand jury" (Aff. ¶ 6). Reading both the complaint and the affirmation in the light most favorable to the plaintiff, Burger alleges no misconduct on the part of the prosecutors, and suggests nothing more than that the prosecutors were misled by false testimony by a police officer and promptly dismissed the case in response to his suppression motion. (Aff. ¶ 4.)

Accordingly, defendants' motion is granted and the complaint is dismissed as against defendants Brennan, Lee, Dobbins, and the City of New York.[2]

SO ORDERED.

Dated: New York, New York
July 5, 2006

GERARD E. LYNCH
United States District Judge

---

[2] Defendants' memorandum of law suggests that "the Court may wish to dismiss claims against" defendant Brooks as well, on the ground that he has not been served. (D. Mem. 1 n.1.) On June 9, 2006, however, the Court granted plaintiff until August 4, 2006, to effect service on Brooks. Accordingly, the claims against Brooks will not be dismissed at this time.

3